IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN A. TAYLOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No.14-1522-SLR |
| | ) |
| LAURIE ANN SPRAGA, D.O., et al., | ) |
| | ) |
| Defendants. | ) |

John A. Taylor, James T. Vaughn Correctional Center, Smyrna, Delaware. Pro se Plaintiff.

Daniel A. Griffith and Scott G. Wilcox, Esquires, Whiteford, Taylor & Preston, L.L.C., Wilmington, Delaware. Counsel for Defendants Laurie Ann Spraga, Edward Hendricks and Correct Care Solutions LLC.

Dana Spring Monzo and Randall Shaw MacTough, Esquires, White & Williams, Wilmington, Delaware. Counsel for Defendant Connections Community Support Programs, Inc.

**MEMORANDUM OPINION**

Dated: February 22, 2017
Wilmington, Delaware

ROBINSON, Senior District Judge

## I. INTRODUCTION

Plaintiff John A. Taylor ("plaintiff"), an inmate at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware, proceeds pro se and has been granted leave to proceed in forma pauperis. He filed this lawsuit in December 2014 raising medical needs claims pursuant to 42 U.S.C. § 1983. (D.I. 3) Presently before the court are plaintiff's motions to compel, a motion for summary judgment filed by defendants Laurie Ann Spraga ("Dr. Spraga"), Edward Hendricks ("Hendricks") and Correct Care Solutions LLC ("CCS") (collectively CCS defendants), and a motion to dismiss filed by defendant Connections Community Support Programs, Inc. ("CCSP"). (D.I. 41, 45, 52, 64) The court has jurisdiction pursuant to 28 U.S.C. § 1331.

## II. BACKGROUND

When plaintiff commenced this action, CCS was the contract healthcare service provider for the VCC. Plaintiff has suffered from chronic and serious nerve pain for over 15 years. (D.I. 3, 34) He was prescribed Neurontin for neuropathic pain but, on February 27, 2013, Hendricks discontinued the medication. (D.I. 32 at 2) Plaintiff alleges that the medication was discontinued without a doctor's order or evaluation. (D.I. 3, 34) Medical records indicate that when it was discovered that plaintiff was hoarding his Neurontin instead of taking it as prescribed, the medication was discontinued. (D.I. 52, exs. A, B) Plaintiff's Neurontin regimen was replaced with Motrin. (*Id.* at ex. A)

In 2013, medical personnel discussed with plaintiff his hoarding of medication, including on March 5, March 27, April 8, June 10, and August 20. (*Id.* at ex. B) Plaintiff

was seen by Dr. Spraga on December 26, 2013, and the discontinuation of the Neurontin was again discussed. (*Id.* at ex. B) At that time, plaintiff told Dr. Spraga that Capsaicin cream relieved his pain, but Motrin did not. (*Id.*) Although Dr. Spraga wrote a prescription for Capsaicin cream, plaintiff then stated that it does not work either. (*Id.*)

When plaintiff was seen in March 2014, his pain was evaluated and it was determined that Motrin was sufficient for pain control. (*Id.* at ex. C) In May 2014, plaintiff was in possession of a card of medication of Motrin that had been prescribed to another inmate. (*Id.* at ex. D) He advised medical that he had been taking that Motrin for several days. (*Id.*) On July 1, 2014, CCSP became the medical service contract provider for the VCC.

## III. MOTION FOR SUMMARY JUDGMENT

### A. Legal Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 n.10 (1986). A party asserting that a fact cannot be--or, alternatively, is--genuinely disputed must be supported either by citing to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for the purposes of the motions only), admissions, interrogatory answers, or other

2

materials," or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A), (B). If the moving party has carried its burden, the nonmovant must then "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita*, 475 U.S. at 587 (internal quotation marks omitted). The court will "draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

At the summary judgment stage, the judge's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The judge must ask not whether the evidence unmistakably favors one side or the other, but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented. *Id.* at 252. The court must not engage in the making of "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts" as these "are jury functions, not those of a judge, [when] [] ruling on a motion for summary judgment." *E.E.O.C. v. GEI Group, Inc.*, 616 F.3d 265, 278 (3d Cir. 2010) (citation omitted).

To defeat a motion for summary judgment, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586-87; *see also Podobnik v. U.S. Postal Service*, 409 F.3d 584, 594 (3d Cir. 2005) (stating party opposing summary judgment "must present more

3

than just bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue") (internal quotation marks omitted). Although the "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment," a factual dispute is genuine where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby*, 477 U.S. at 247-48. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249-50 (internal citations omitted); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (stating entry of summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial").

**B. Discussion**

CCS defendants move for summary judgment on the grounds that: (1) plaintiff has failed to present evidence of an Eighth Amendment violation; and (2) the claims against CCS fail as a matter of law.

The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 103-105 (1976). In order to set forth a cognizable claim, an inmate must allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. *Estelle*, 429 U.S. at 104; *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and fails

4

to take reasonable steps to avoid the harm. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A prison official may manifest deliberate indifference by "intentionally denying or delaying access to medical care." *Estelle*, 429 U.S. at 104-05; *see also Monmouth Cnty. Corr. v. Lanzaro*, 834 F.2d 326, 346-47 (3d Cir. 1987) (deliberate indifference can be shown when medical treatment is delayed for non-medical reasons).

However, "a prisoner has no right to choose a specific form of medical treatment," so long as the treatment provided is reasonable. *Lasko v. Watts*, 373 F. App'x 196, 203 (3d Cir. 2010) (quoting *Harrison v. Barkley*, 219 F.3d 132, 138-140 (2d Cir. 2000)). An inmate's claims against members of a prison medical department are not viable under § 1983 where the inmate receives continuing care, but believes that more should be done by way of diagnosis and treatment and maintains that options available to medical personnel were not pursued on the inmate's behalf. *Estelle*, 429 U.S. at 107. Moreover, allegations of medical malpractice are not sufficient to establish a Constitutional violation. *White v. Napoleon*, 897 F.2d 103, 108-09 (3d Cir. 1990) (citations omitted); *see also Daniels v. Williams*, 474 U.S. 327, 332-34 (1986) (negligence is not compensable as a Constitutional deprivation). Finally, "mere disagreement as to the proper medical treatment" is insufficient to state a constitutional violation. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004) (citations omitted).

The record does not demonstrate that CCS defendants were deliberately indifferent to plaintiff's medical needs. Instead, the record reflects that plaintiff's complaints of pain were monitored and that he was prescribed medication for his pain. The record further reflects that when it was discovered that plaintiff was hoarding

5

Neurontin, that medication was discontinued, and plaintiff was prescribed a different medication regimen. The record further indicates that CCS defendants spoke to plaintiff on several occasions about the discontinuation of Neurontin. Plaintiff may be unhappy that he is no longer prescribed Neurontin, but that does not rise to the level of a constitutional violation. Notably, CCS defendants provided alternate pain treatment to plaintiff. Based upon the evidence of record, no reasonable jury could find that Dr. Spraga or Hendricks were deliberately indifferent to plaintiff's medical needs.

In addition, because the court concludes that the individual defendants did not violate plaintiff's constitutional rights under the Eighth Amendment, CCS cannot be liable based on the theory that it established or maintained an unconstitutional policy or custom responsible for violating plaintiff's rights. *See Goodrich v. Clinton Cnty. Prison*, 214 F. App'x 105, 113 (3d Cir. 2007) (unpublished) (policy makers not liable in prison medical staff's alleged deliberate indifference to prisoner's serious medical needs, where, given that there was no underlying violation of prisoner's rights, policy makers did not establish or maintain an unconstitutional policy or custom responsible for violating prisoner's rights).

Therefore, the court will grant CCS defendants' motion for summary judgment.

## IV. MOTION TO DISMISS

### A. Legal Standard

Because plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)

6

(internal quotation marks omitted). In reviewing a motion filed under Fed. R. Civ. P. 12(b)(6), the court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. See *Erickson v. Pardus*, 551 U.S. at 94. To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. See *Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court may consider the pleadings, public record, orders, exhibits attached to the complaint, and documents incorporated into the complaint by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 545 (internal quotation marks omitted) (interpreting Fed. R. Civ. P. 8(a)). Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotations omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In addition, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346. Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

### B. Discussion

CCSP moves to dismiss the claims raised against it on the grounds that the complaint fails to state a claim upon which relief may be granted. (D.I. 64) Plaintiff opposes, noting that his pleadings are liberally construed and the case survived screening.

Plaintiff alleges that CCSP is the medical contract service provider at the VCC and is legally responsible for the overall operation of medical director Dr. Spraga and the CCSP staff. As discussed above, the evidence of record does not support a finding that Dr. Spraga or the medical staff violated plaintiff's constitutional rights. Given this conclusion, the claims against CCSP fail as a matter of law and, therefore, the court will grant CCSP's motion to dismiss.

### V. DISCOVERY MOTIONS

Plaintiff has filed two motions to compel: one to compel all defendants to produce his medical records; and the other to compel the Delaware Department of Correction ("DOC") to produce his medical records. (D.I. 41, 45) CCS defendants

8

advise that the motion to compel at D.I. 41 is moot, since defendants served plaintiff with discovery responses on May 18, 2016. (D.I. 44) With regard to the motion to compel directed to the DOC, the record does not reflect that plaintiff served the DOC with a subpoena requesting the records. Hence, there is no basis to compel the DOC to produce records. Accordingly, the court will deny both motions to compel. (D.I. 41, 45)

## VI. CONCLUSION

For the above reasons, the court will: (1) deny plaintiff's motions to compel (D.I. 41, 45); (2) grant CCS defendants' motion for summary judgment (D.I. 52); and (3) grant CCSP's motion to dismiss. (D.I. 64)

A separate order shall issue.